## (March 10, 1972)

■ In the Matter of JAMES F. DALTON, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.— Respondent was admitted to the Bar by this court on January 27, 1943. Petitioner moves for confirmation of the findings and report of Honorable William J. Crangle which sustain five

charges of professional misconduct consisting of neglect of clients' interests and failure to co-operate with the Committee on Grievances. As to Charge I the Referee found that respondent was retained in 1966 to complete a workmen's compensation claim and dispose of a third-party action, and that, after repeated demands, he neglected to do so, with the result that the matter is still unresolved. In sustaining Charge II the Referee found that after settlement in 1968 of a negligence claim in behalf of an infant for $250, respondent neglected to advise the boy's father and guardian of the settlement and failed to complete the settlement papers until January, 1969. As to Charge III, the Referee found that in 1963 respondent was retained by the same parent to recover for another son's loss of an eye, sustained while playing with other boys. Action was commenced against the City of Albany in 1964 and was put on the Supreme Court calendar in 1966. Thereafter, the case was placed on the Deferred Calendar, where it remained until July, 1969. In the fall of 1969, respondent received an offer of $2,900 in settlement, which offer he did not communicate to the parent, nor did he ever complete the settlement. Thereafter, he refused to relinquish the file to another attorney and refused demands to do so until compelled by an order of substitution. As to Charge IV, the Referee found that respondent was retained to recover a down payment of $470 in a real estate matter; that although the case was settled for $375 respondent was evasive and ignored numerous requests of his client for status reports. As to Charge V, the Referee found that respondent ignored numerous written requests by petitioner's Committee on Grievances for statements in response to complaints made by his clients to the Bar Association. The motion to confirm the report is granted and respondent is found guilty of professional misconduct. Although concededly respondent has not been guilty of conversion or fraud, nor have his clients, so far as appears, sustained permanent and irreparable loss of their claims, the findings of prolonged neglect of clients' affairs and the almost total disregard of the Committee on Grievances cannot be taken lightly. In regard to punishment, in view of respondent's prior misconduct (*Matter of Dalton*, 14 A D 2d 19), we determine that he should be suspended for one year and until further order of this court. Herlihy, P. J., Staley, Jr., Greenblott, Simons and Reynolds, JJ., concur.